Domenic A. Cossi, Esq.
Maxwell E. Kirchhoff, Esq.
Jory C. Ruggiero, Esq.
**WESTERN JUSTICE ASSOCIATES, PLLC**
303 West Mendenhall Street, Suite 1
Bozeman, MT 59715
(406) 587-1900
Email: domenic@westernjusticelaw.com
Email: max@westernjusticelaw.com
Email: jory@westernjusticelaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RYAN DEMING, BRIANA FRASIER, MICHAEL MCFARLAND and LUCAS GRISWOLD, individually and on behalf of all others similarly situated, | Cause No. _____ |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| CIOX HEALTH, LLC, SCL HEALTH f/k/a ST. VINCENT HEALTHCARE, BOZEMAN DEACONESS HEALTH SERVICES, KALISPELL REGIONAL HEALTHCARE FOUNDATION f/k/a KALISPELL REGIONAL MEDICAL CENTER, INC., ST. JAMES HEALTHCARE, CMC MISSOULA, INC., SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC., and JOHN DOES 1-20. | **and** **REQUEST FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Ryan Deming, Briana Frasier, Michael McFarland and Lucas Griswold ("Plaintiffs") bring this action against Ciox Health, LLC ("Ciox"), SCL Health f/k/a St. Vincent Healthcare, Bozeman Deaconess Health Services, Kalispell Regional Healthcare Foundation f/k/a/ Kalispell Regional Medical Center, Inc., St. James Healthcare, CMC Missoula, Inc., and Sisters of Charity of Leavenworth Health System, Inc. (collectively, "Providers"), on behalf of themselves and all others similarly situated, and allege as follows.

## I.  PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Ryan Deming, is and has been, at all times pertinent to this action, a resident of Yellowstone County, Montana.

2.     Plaintiff Briana Frasier, is and has been, at all times pertinent to this action, a resident of Gallatin County, Montana.

3.     Plaintiff Michael McFarland, is and has been, at all times pertinent to this action, a resident of Flathead County, Montana.

4.     Plaintiff Lucas Griswold, is and has been, at all times pertinent to this action, a resident of Silver-Bow County, Montana.

5.     Defendant Ciox Health, LLC, is a Georgia corporation that is authorized to do business in Montana and whose statutory home office is in Fulton County, Georgia.

6.      Defendant St. Vincent Healthcare is a Montana corporation whose statutory home office is in Yellowstone County, Montana.

7.      Defendant Bozeman Deaconess Health Services is a Montana corporation whose statutory home office is in Gallatin County, Montana.

8.      Defendant Kalispell Regional Healthcare Foundation is a Montana corporation whose statutory home office is in Flathead County, Montana.

9.      Defendant St. James Healthcare is a Montana corporation whose statutory home office is in Silver-Bow County, Montana.

10.      Defendant CMC Missoula, Inc., is a Montana corporation whose statutory home office is in Missoula County, Missoula.

11.      Defendant Sisters of Charity of Leavenworth Health System, Inc. ("SCL"), is a Colorado corporation that is licensed to do business in Montana and whose statutory home office is in the consolidated city and county of Broomfield, Colorado.  SCL owns and operates hospitals in Miles City, Butte, and Billings including St. Vincent Healthcare and St. James Healthcare.

12.      At all times mentioned, Ciox's conduct held a dominant relation to the subject matter of Plaintiffs' Claims.  Ciox's conduct is in contrast to the Providers who played a secondary role by merely assisting in Ciox's conduct, or who are vicariously liable for Ciox's conduct.

13.     Defendants John Does 1-20 are other people or entities that are unknown to Plaintiffs at this time and may be liable to Plaintiffs for the damages and other relief sought in this Complaint.

14.     This Court has personal jurisdiction over all named Defendants under Rule 4, Mont.R.Civ.P.  All named Defendants fall within Montana's long-arm statute because they, *inter alia*, transact business within Montana, committed acts resulting in the accrual of torts within Montana, own property situated within Montana, and/or enter into contracts within Montana.

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d). The matter in controversy exceeds the sum or value of $5,000,000, is a class action, and involves Plaintiffs that are citizens of States different from two named Defendants.

16.     Pursuant to 28 U.S.C. § 1391, venue properly lies in the United States District Court for the District of Montana, Missoula Division.  Defendants CMC Missoula, Inc., and Kalispell Regional Healthcare Foundation reside in this District.

## II. GENERAL ALLEGATIONS

17.     Ciox is one of the largest medical-records providers in the country.  In fact, three out of every five hospitals use Ciox to process medical records.  In 2018, Ciox processed 4.3 million pages of medical records per day.

18.     Providers, are entities in Montana that provide health care services and contract with Ciox for the processing of their medical records.

19.     Ciox claims that for over 40 years it has "advanced the healthcare industry through better health information management and exchange of health information."  Ciox's advancement of the healthcare industry includes more than just administrative support.  Indeed, Ciox claims its processing of medical records can help providers "achieve operational improvements [and] optimi[ze] revenue."  Ciox further claims that its management of health information can result in "Reimbursement Improvement."

20.     Upon information and belief, Ciox entered into agreements with each of the Providers pursuant to which Ciox assumed the duty of responding to medical records requests.

21.     Upon information and belief, under the contracts between Ciox and the Providers, Ciox was acting for its own advantage, as well as the interests of each of Providers.

22.     Each of the named Plaintiffs in this Class Action were admitted for
treatment at one or more of the Providers after sustaining bodily injury.
Specifically, Plaintiff Ryan Deming received treatment at St. Vincent Healthcare;
Plaintiff Briana Frasier received treatment at Bozeman Deaconess Health Services;
Plaintiff Michael McFarland received treatment at Kalispell Regional Healthcare
Foundation and CMC Missoula, Inc.; and Plaintiff Lucas Griswold received
treatment at St. James Healthcare.

23.     Each of the named Plaintiffs in this class action engaged the
undersigned attorneys for representation in potential lawsuits regarding the bodily
injury for which they received treatment at the aforementioned Providers.

24.     Plaintiffs' attorney representative, or the attorney's agents and
employees caused Plaintiffs' medical records to be ordered from each of the
Providers within the last three years.

25.     On August 25, 2018, Plaintiff Michael McFarland received an invoice
from Ciox regarding treatment at Kalispell Regional Healthcare Foundation in the
amount of $22.50 for his medical records.  The $22.50 included a $15.00 "basic
fee," a $2.00 "electronic data archive fee," and a charge of $0.50 per page of
medical records.

26.     On April 10, 2018, Plaintiff Michael McFarland received an invoice
from Ciox regarding treatment at CMC Missoula, Inc., in the amount of $21.00 for

his medical records.  The $21.00 included a $15.00 "basic fee," and a charge of $0.50 per page of medical records.

27.    On October 2, 2019, Plaintiff Briana Frasier received an invoice from Ciox regarding treatment at Bozeman Deaconess Health Services, in the amount of $902.00 for her medical records.  The $902.00 included a $15.00 "basic fee," a $56.80 "shipping fee," and a charge of $0.50 per page of medical records. Although Briana Frasier's invoice identified a $56.80 "shipping fee," her medical records were delivered electronically.

28.    On November 27, 2019, Plaintiff Ryan Deming received an invoice from Ciox regarding treatment at St. Vincent Healthcare, in the amount of $19.25 for his medical records.  The $19.25 included a $15.00 "basic fee," a $2.00 "electronic data archive fee," and a charge of $0.75 per page of medical records. Another invoice from Ciox dated December 3, 2019, regarding Mr. Deming's treatment at St. Vincent Healthcare shows charges in the amount of $20.00.  The amount included another $15.00 "basic fee," a $2.00 "electronic data archive fee," and $0.75 fee per page of medical records.

29.    On December 14, 2019, Plaintiff Lucas Griswold received an invoice from Ciox regarding treatment at St. James Healthcare, in the amount of $30.00 for his medical records.  The $30.00 included a $15.00 "basic fee," a $2.00 "electronic data archive fee," and a charge of $0.50 per page of medical records.

30.     Ciox's above mentioned invoices provided no explanation of the actual amount of clerical time spent identifying and collecting the electronic medical records.  Each Plaintiff was harmed by having to pay Ciox's improper charges for simply obtaining their electronic medical records.

31.     Montana Code Annotated § 50-16-816 provides that only "Reasonable Fees," may be charged for providing copies of health care information.  Those "Reasonable Fees," are specifically defined as charges not to exceed "50 cents for each page for a paper copy or photocopy," and an administrative fee "that may not exceed $15 for searching and handling recorded health care information."

32.     Neither Plaintiffs, nor their attorneys, hired Ciox as their agent. Neither Plaintiffs, nor their attorneys, voluntarily consented to Ciox's charges.


## III.  CLASS ACTION ALLEGATIONS

33.     All allegations asserted in this Complaint are incorporated herein by reference.

34.     Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated.  The Class represented by Plaintiffs consists of:

All adult patients, guardians or conservators of adult patients (or of the adult patient's estate), parents or guardians of minor patients, or personal representatives or heirs of deceased patients, who: (1) requested medical records from a hospital or other health care provider (as enumerated in § 50-16-803(4), MCA) located in Montana; (2) by themselves or through an attorney or any other individual or entity with the appropriate authorization; and (3) were charged by Ciox: (a) an unreasonable $.50 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photo copies; (b) an unreasonable electronic data archive fee; and/or (c) an unreasonable shipping fee when medical records were in fact delivered electronically.

35.    Excluded from this class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and (3) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

36.    Class certification is appropriate for the benefit of the Plaintiffs and Class Members under Federal Rule of Civil Procedure 23(a) because: (1) members of the class are so numerous that joinder of all members is impractical; (2) there are questions of law and fact common to the Class; (3) the claims of the Plaintiffs are typical of the claims of the Class; and (4) Plaintiffs will adequately protect the interests of the Class.

37.    The Class is comprised of thousands, if not tens of thousands, of individuals who were overcharged for the retrieval and copying of their electronic

medical records, making joinder impracticable.  The Class is composed of an easily-ascertainable set of persons who were overcharged for the retrieval and copying of electronic medical records.  Class members are easily identifiable from records maintained by, and in the possession and control of the Defendants or otherwise readily obtained from third parties.

38.     Questions of law and fact that are common to the Plaintiffs' and Class Members' claims, include, *inter alia*:

       a.      Whether Defendants' conduct violated § 50-16-816, MCA;

       b.      Whether Defendants' conduct violated the Montana Unfair Trade Practices and Consumer Protection Act of 1973, codified at § 30-14-101, MCA, *et seq*.;

       c.      Whether Plaintiffs and the Class are entitled to equitable relief, and if so, the nature of such relief; and

       d.      Whether compensatory and other damages should be awarded to Plaintiffs and Class Members.

39.     The Plaintiffs' claims are typical of the claims of the Class and these common claims predominate over any questions affecting only individuals.  The Plaintiffs have the same interests as other members of the Class and will vigorously prosecute those interests on behalf of the Class.  Plaintiffs' counsel at

Western Justice Associates, PLLC, is experienced in complex litigation of this type and will vigorously pursue the Plaintiffs' and Class Members' interests.

40.     Class Certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted, and refused to act, on grounds generally applicable to the Class, making relief appropriate for the benefit of the Plaintiffs and the Class.  Further, the Plaintiffs and the Class seek injunctive relief in the form of Defendants being enjoined from charging Montanans unreasonable charges in the future.

41.     A class action is superior to other methods of adjudicating this controversy under Federal Rule of Civil Procedure 23(b)(3) because: (1) the small amount of damages substantially limits Class Members' ability and motive to prosecute the action individually; (2) there has been little, if any, litigation already commenced by members of the Class to determine the questions presented; (3) even if any individual Class Members could afford separate litigation it would be economically inefficient and unduly burdensome to the courts in which the individual cases would proceed; and (4) due to the fact that Plaintiffs and Class Members' claims arise from a common nucleus of operative facts, the class action device will provide the benefits of economies of scale and comprehensive adjudication by a single court.

42.     The Defendants' clear, knowing, grossly negligent and/or intentional violation of Montana law by overcharging Plaintiffs/Class Members for their electronic medical records has caused Plaintiffs/Class Members damages, including, but not limited to economic harm, a loss of interest and litigation fees and costs.

## IV.  LEGAL CLAIMS FOR RELIEF

## COUNT ONE—VIOLATION OF § 50-16-816, MCA

43.     All allegations asserted in this Complaint are incorporated herein by reference.  The allegations in this count support the claims of both the named Plaintiffs and Class Members.

44.     Montana Code Annotated 50-16-816 provides:

Unless prohibited by federal law, a reasonable fee for providing copies of health care information may not exceed 50 cents for each page for a paper copy or photocopy. A reasonable fee may include an administrative fee that may not exceed $15 for searching and handling recorded health care information.

45.     Defendants, and each of them, violated § 50-16-816, MCA, when they overcharged Plaintiffs and Class Members.

46.     Specifically, Defendants illegally charged an unreasonable $.50 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photocopies, an unreasonable electronic data archive fee, and/or an

*Class Action Complaint for Damages and Request for Jury Trial*                    *12*

unreasonable shipping fee when medical records were in fact delivered electronically.

47.     As a direct and proximate cause of Defendants' violation of § 50-16-816, MCA, Plaintiffs and Class Members have suffered economic harm.  Plaintiffs and Class Members also seek injunctive relief prohibiting Defendants from continuing to charge unreasonable fees in contravention of § 50-16-816, MCA.

48.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for pecuniary losses sustained as a result of Defendants' violation of § 50-16-816, MCA, an additional $5,000 per violation of § 50-16-816, MCA, and attorney fees and costs reasonably incurred in this litigation.


## COUNT TWO—VIOLATION OF THE MONTANA CONSUMER PROTECTION ACT

49.     All allegations asserted in this Complaint are incorporated herein by reference.  The allegations in this count support the claims of both the named Plaintiffs and Class Members.

50.     The Montana Consumer Protection Act ("MCPA") makes it unlawful to engage in any unfair or deceptive acts or practices in the conduct of any trade or commerce.  *See* § 30-14-103, MCA.

51.     Defendants violated the MCPA by unlawfully overcharging Plaintiffs and Class Members for copies of their medical records, by illegally charging an unreasonable $.50 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photocopies, by illegally charging an unreasonable electronic data archive fee, and/or by illegally charging an unreasonable shipping fee when medical records were in fact delivered electronically.

52.     Plaintiffs and Class Members have been damaged by Defendants' unfair and deceptive acts and practices.  Defendants' conduct was unfair, deceptive, grossly negligent and/or intentional, wrongful, reckless, and outrageous.

53.     Accordingly, Plaintiff and the individual class members are entitled to recover treble or statutory damages, costs and reasonable attorneys' fees.

## COUNT THREE—VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54.     All allegations asserted in this Complaint are incorporated herein by reference.  The allegations in this count support the claims of both the named Plaintiffs and Class Members.

55.     Montana Code Annotated § 28-1-201 imposes a duty of care upon every person, without contract, "to abstain from injuring the person or property of another or infringing upon any of another person's rights."

56.    This general duty of care is further imposed upon parties dealing in trade, and requires "honesty in fact and the observance of reasonable commercial standards of fair dealing."  *See* § 28-1-211, MCA.

57.    Defendants' injured Plaintiffs and Class Members by overcharging Plaintiffs and Class Members for copies of their medical records, by charging an unreasonable $.50 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photocopies, by charging an unreasonable electronic data archive fee, and/or by charging an unreasonable shipping fee when medical records were in fact delivered electronically.

58.    Defendants' failed to observe standards of honesty in fact and reasonable commercial standards of fair dealing toward Plaintiffs and Class Members by overcharging Plaintiffs and Class Members for copies of their medical records, by charging an unreasonable $.50 cent per page fee for electronic copies of medical records, which are distinct from paper copies and photocopies, by charging an unreasonable electronic data archive fee, and/or by charging an unreasonable shipping fee when medical records were in fact delivered electronically.

59.    As a proximate and direct result of Defendants' failure to adhere to Montana's duties of care and standards of good faith and fair dealing, Plaintiffs and Class Members suffered damages thereby.

## V.  CLAIMS FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

1. For the certification of a class pursuant to Federal Rule of Civil Procedure 23;

2. For an order establishing a system to identify the Class Members.  The details of such system should be evaluated after initial discovery has been conducted against Defendants;

3. For an order directing Defendants to return to the Class Members all monies overcharged for copies of their medical records;

4. For an order prohibiting Defendants from continuing to charge unreasonable fees in contravention of § 50-16-816, MCA

5. For an order directing Defendants to pay the Class Members interest on all amounts improperly overcharged to Plaintiffs and Class Members;

6. For an order directing Defendants to pay all costs associated with identifying and providing any notices to the Class;

7. For all other compensatory damages to be proved at the time of trial, in an amount sufficient to return Plaintiff and Class Members to the position they would have attained absent Defendants' wrongdoing;

8. For a reasonable sum of money to compensate the Plaintiff/Class Members for attorneys' fees and costs incurred incident to the

prosecution of this claim, pursuant to the Common Fund Doctrine; the MCPA; § 50-16-817, MCA; and any other applicable law;

9.  For statutory fees allowed under § 50-16-817, MCA and statutory fees including treble damages under the MCPA;

10. For punitive damages in an amount sufficient to deter and serve as an example to other entities not to engage in similar conduct; and

11. For other such relief as the Court deems just.

## VI.  REQUEST FOR JURY TRIAL

The Plaintiffs request that all issues of fact so triable be determined by a twelve-person jury.

DATED this 10th day of February, 2020.

WESTERN JUSTICE ASSOCIATES, PLLC

*/s/ Domenic A. Cossi*
Domenic A. Cossi, Esq.
Maxwell E. Kirchhoff, Esq.
Jory C. Ruggiero, Esq.

*Attorneys for Plaintiffs*