IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYAN DEMING, BRIANA FRASIER, MICHAEL MCFARLAND and LUCAS GRISWOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIOX HEALTH, LLC, et al.,<br><br>Defendants. | CV 20–16–M–DWM<br><br><br>OPINION and ORDER |

This putative class action challenges the fees charged by a medical records company on behalf of various hospitals in Montana. Named plaintiffs Ryan Deming, Briana Frasier, Michael McFarland, and Lucas Griswold (collectively "Deming") allege that a group of Montana hospitals and their records vendor Ciox Health, LLC (collectively "Ciox") overcharged for copies of medical records in violation of Montana law. Ciox seeks to dismiss this action for failure to state a claim. (Doc. 30.) The motion is granted.

1

BACKGROUND

I. **Statutory Framework**

Both state and federal law impose limits on the allowable fees for medical records. Under the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, health care providers and their vendors may charge patients a "reasonable, cost-based fee," limited to the cost of labor, supplies, postage, and preparing an explanation of the records. 45 C.F.R. § 164.524(c)(4). The Health Information Technology for Economic and Clinical Health ("HITECH") Act further limits the allowable fee for electronic health records to the labor cost in responding to the request. 42 U.S.C. § 17935(e)(3). However, these limits apply only to records requested by patients for personal use and not to requests from third parties, such as insurance companies or law firms. *Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30, 42–43, 66–67 (D.D.C. 2020) (rejecting application to third-party requests).

Title 50, Chapter 16, Part 8 ("Part 8") of the Montana Code Annotated imposes additional limits on health care providers that are subject to HIPAA. §§ 50-16-801(4), 50-16-802. Title 50, Chapter 16, Part 5 ("Part 5") governs health care providers that are not subject to HIPAA. § 50-16-502. Under both parts, "a reasonable fee for providing copies of health care information may not exceed 50 cents for each page for a paper copy or photocopy. A reasonable fee may include

2

an administrative fee that may not exceed $15 for searching and handling recorded health care information." §§ 50-16-816, 50-16-540.

## II. Records Requests in this Case

Deming and the other named plaintiffs engaged the attorneys representing them in this case about potential personal injury lawsuits. (Doc. 25 at ¶ 23.) In pursuing those suits, the attorneys ordered three years' worth of plaintiffs' medical records. (*Id.* at ¶ 24.) For each request, Ciox charged a flat $15.00 basic fee and a per page fee of either 50 or 75 cents. (*Id.* at ¶¶ 25–29.) In some cases, Ciox also charged a flat $2.00 electronic data archive fee. (*Id.* at ¶¶ 25, 28, 29.) In one instance, Ciox charged a shipping fee, even though the records were delivered electronically. (*Id.* at ¶ 26.) Ciox's invoices did not describe the time or labor involved in fulfilling the records requests. (*Id.* at ¶ 30.)

The parties agree that Ciox is subject to HIPAA and Part 8. They further agree that, because attorneys placed the records requests, federal law does not limit the fees charged. (Doc. 36 at 12, 16, 17; Doc. 37 at 9); *Ciox Health, LLC*, 435 F. Supp. 3d at 66–67. However, they dispute whether Part 8 limits the allowable fees.

## III. Procedural History

On February 10, 2020, Deming filed this suit on behalf of himself and a putative class, contending that Ciox's billing practices violate Montana law. (Doc. 1.) He claims Ciox violated § 50-16-816 (Count 1), the Montana Consumer

Protection Act (Count 2), and the implied covenant of good faith and fair dealing (Count 3). (Sec. Am. Compl., Doc. 25.) Deming moved for class certification on February 14, 2020, before any of the defendants appeared. (Doc. 4.) However, the parties eventually agreed that class discovery was necessary. (Doc. 29.) The motion for class certification was then denied subject to renewal pending the completion of class discovery in September. (Doc. 33.) On April 27, 2020, Ciox filed the present motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 30.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate, however, "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).

## ANALYSIS

Though Ciox presents numerous arguments in support of its motion, the dispositive issue is the application of § 50-16-816, which reads:

> Unless prohibited by federal law, a reasonable fee for providing copies of health care information may not exceed 50 cents for each page for a paper copy or photocopy. A reasonable fee may include an administrative fee that may not exceed $15 for searching and handling recorded health care information.

§ 50-16-816. Ciox argues that it merely defines "reasonable fee," applying only if some other provision limits the allowable fees, and that it does not apply to electronically transmitted records. Deming contends that the statute limits the allowable fees for medical records in any circumstance.

When construing Montana statutes, a court's goal is "to implement the objectives the Legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls." *Houston Lakeshore Tract Owners Against Annexation, Inc. v. City of Whitefish*, 391 P.3d 86, 86 (Mont. 2017) (internal quotation marks omitted). Statutes should be read "as a whole, without isolating specific terms from the context in which they are used by the Legislature." *MC, Inc. v. Cascade City-Cty. Bd. of Health*, 343 P.3d 1208, 1212 (Mont. 2015) (internal quotation marks omitted). "Statutory construction is a holistic endeavor and must account for the statute's text, language, structure and object." *Id.* (internal quotation marks omitted). Applying

5

these principles, Ciox has the better interpretation of § 50-16-816.

Deming asserts that § 50-16-816 is "a standalone statute requiring that the charge for providing medical records be reasonable." (Doc. 36 at 16.) But § 50-16-816 does not require anything; it is purely definitional. Its plain text does not authorize or command health care providers to take any action, nor does it explain when a fee must be reasonable. More compelling than the statutory text, though, is the structure of Part 8, which shows that § 50-16-816 merely explains what is meant by "a reasonable fee" as that term is used elsewhere in the statute. Put differently, § 50-16-816 does not apply unless some other provision already limits providers to charging "a reasonable fee" for medical records.

In Part 8, only one provision explicitly limits health care providers to charging "a reasonable fee," doing so in the context of responding to subpoenas. Specifically, it states that "[a] health care provider required to disclose health care information pursuant to compulsory process *may charge a reasonable fee, not to exceed the fee provided for in 50-16-816*, and may deny examination or copying of the information until the fee is paid." § 50-16-812(5) (emphasis added). This provision limits the allowable charge to "a reasonable fee," which is in turn defined via reference to § 50-16-816, confirming that § 50-16-816 is definitional. Indeed, even Part 8's "Definitions" section defines "reasonable fee" by reference to § 50-16-816. *See* § 50-16-803(7). Deming's contention that § 50-16-816

6

governs the allowable fees in all situations would render the subpoena provision superfluous, in contravention of the Legislature's command to construe statutes to "give effect to all" provisions. § 1-2-101.

By contrast, Part 5 limits healthcare providers to charging "a reasonable fee," as provided for in its version of § 50-16-816, in four situations. Like Part 8, it limits the fees that can be charged in response to a subpoena. § 50-16-536. However, it also limits the allowable fees for a patient's own request for medical records, § 50-16-541(2), a patient's authorization to disclose records to a third party, § 50-16-526(2), and a patient's request for amended or corrected records, § 50-16-545(2). Importantly, Part 5 predates HIPAA and Part 8. *See* §§ 50-16-502(6), (7); 50-16-801(3). In enacting Part 8 to govern HIPAA-regulated entities, the Montana Legislature only duplicated the fee limitation regarding subpoenas. Unlike Part 5, Part 8 is silent on the fees allowed in response to requests for third-party disclosure, like the requests here. Deming would have this Court import the provision governing third-party requests from Part 5, notwithstanding the Legislature's choice not to. But in statutory interpretation, "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." § 1-2-101.

Rather than engage with the text, Deming appeals to Part 8's purpose to be

7

more restrictive than HIPAA and a snippet of legislative history indicating that "where federal rules don't apply, current State standards remain in place." (Doc. 36 at 17 (quoting Section Analysis of Legislative History for Montana HB 647 (2003)).) According to Deming, because federal law does not govern records requests by third parties, *see Ciox Health, LLC*, 435 F. Supp. 3d at 66–67, state law must limit the allowable fees. But neither the purpose nor the legislative history can overcome the Legislature's failure to impose the same standards on third-party fee requests in Part 8 that exists in Part 5. *See* § 1-2-101. Further, Deming's policy arguments about protecting Montana citizens are overstated considering the protections afforded by federal law. Had Deming himself, rather than his attorneys, requested the medical records in the first instance, then HIPAA and the HITECH Act would have limited the allowable fees. 45 C.F.R. § 164.524(c)(4); 42 U.S.C. § 17935(e)(3).

Finally, as Ciox argues, § 50-16-816's plain text does not apply to electronic medical records. By its own terms, the statute limits the fees "for each page for a paper copy or photocopy." It does not address other formats and therefore does not apply to electronic medical records. Deming's contention that discovery is needed to determine whether Ciox's method qualifies as a photocopy lacks support. And, while his argument is well-taken that under this interpretation fees are limited for the more burdensome process of providing paper copies but not for likely-cheaper

electronic copies, it is more properly addressed to the Montana Legislature. Part 8 was enacted in 2003, and § 50-16-816 has not been updated since. As Congress did with the HITECH Act, the Montana Legislature may need to update the fee statute to comport with the practices of our digital world. But in its present form, § 50-16-816 does not limit the fees that can be charged for electronic medical records.

## CONCLUSION

Because state law does not limit the fees that can be charged when, as here, third parties request electronic medical records, Deming's claim under § 50-16-816 (Count 1) fails. His Consumer Protection Act and implied covenant claims also fail because they are premised on Ciox's alleged unlawful charges. (*See* Doc. 25 at ¶¶ 51, 57.)

Accordingly, IT IS ORDERED that Ciox's motion to dismiss (Doc. 30) is GRANTED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the case.

DATED this 30th day of July, 2020.

_____
Donald W. Molloy, District Judge
United States District Court

9